IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NEW PRODUCTS MARKETING CORP. d/b/a STRINGLINER COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) | Judge Martin Karl Reidinger<br>Civil Action No. 3:06-cv-00405<br><br>**PROTECTIVE ORDER** |
| Plaintiff, | | |
| v. | | |
| LOWE'S HOME CENTERS, INC., | | |
| Defendant. | | |

WHEREAS, each party believes that certain answers to interrogatories, documents and responses during depositions which are or will be encompassed by discovery demands made by the other party contain trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure (hereinafter "CONFIDENTIAL INFORMATION"); and

WHEREAS, each party believes that it would serve the interests of the parties to conduct discovery under a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

IT IS HEREBY ORDERED THAT:

1. This Protective Order shall apply to discovery of the parties and shall apply to all information, documents and items owned, controlled or produced by any party subject to discovery in this action. This Order shall further govern the production of documents and information supplied in this case in any form by a party and designated by that party as embodying CONFIDENTIAL INFORMATION, for purposes of discovery or otherwise, including, without limitation, testimony and responses adduced at depositions upon oral examination or upon written questions pursuant to

Rules 30 and 31 of the Federal Rules of Civil Procedure, answers to interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure, documents produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, information obtained from inspection of premises or things pursuant to Rule 34 of the Federal Rules of Civil Procedure, and answers to requests for admission pursuant to Rule 36 of the Federal Rules of Civil Procedure.

2. Any document or portion thereof, whether an original or a copy, including any exhibits, answers to interrogatories and/or responses to requests for admission, as well as physical objects, recordings or things that any party deems to contain "CONFIDENTIAL INFORMATION", to which they in good faith believe access should be limited only to those Qualified Persons as designated and defined in ¶ 10 hereof, shall be labeled on each page of such document considered confidential with the designation "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" (or suitable substitutes such as "CONFIDENTIAL - COUNSEL'S EYES ONLY"); and any such physical objects shall likewise be identified with the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation as appropriate. In designating information "CONFIDENTIAL - ATTORNEY'S EYES ONLY", each party shall make such designation only as to that information that it, in good faith, believes contains such class of CONFIDENTIAL INFORMATION. The "CONFIDENTIAL – ATTORNEY'S EYES ONLY" category shall be invoked by a party only relative to highly sensitive information.

3. The parties agree to use good faith in marking documents and things pursuant to this Protective Order. As discovery proceeds, the parties undertake to cooperate and reasonably agree to the removal of designated documents from the scope of this Protective Order, as appropriate.

4. The designation of confidentiality shall be made at the time a copy of any document or other item is provided to an opposing party, or as may be otherwise specified by this Protective

Order. Any document or portion thereof or physical object so labeled, and the information contained in such document or object, will be treated in accordance with the terms of this Order. The disclosure of CONFIDENTIAL INFORMATION will be limited to Qualified Persons as defined in ¶ 10 hereof. All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form, or which cannot be conveniently labeled, shall be so designated by a party by informing all parties, in writing, at the time of production.

5. If, during the course of discovery in this action, either party hereto, or its representatives, are authorized to inspect another party's files, facilities, or processes, or articles of manufacture on the party's premises which are not publicly accessible, any documents or things generated as a consequence of any such inspection shall be treated by the inspecting party, subject to the other provisions of this Protective Order, as comprising or being CONFIDENTIAL INFORMATION and shall be treated as such. Any documents produced as a result of an inspection shall be marked in accordance with ¶ 2 hereof.

6. Each answer to an interrogatory or request for admission or portion thereof, which is deemed by a party to disclose CONFIDENTIAL INFORMATION will be so identified and marked by that party as either "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEY'S EYES ONLY" at the time when the answer to the interrogatory or request for admission is served.

7. Each deposition transcript page or portion thereof which is deemed by a party to disclose CONFIDENTIAL INFORMATION and which is not identified as such by the designating party at the time of the witnesses' testimony by so advising the opposing party on the record, will be so identified and marked by that party as either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." The designating party shall advise the other party of the specific pages containing CONFIDENTIAL INFORMATION within thirty (30) days after the designating

party's receipt of the transcript of the deposition, and those portions shall thereafter be treated as designated as either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY." Prior to the termination of said thirty (30) day period, the entire deposition transcript shall be deemed to be CONFIDENTIAL INFORMATION and treated as if designated "CONFIDENTIAL — ATTORNEY'S EYES ONLY".

8. Unless identified and marked or designated in accordance with this Protective Order, any information disclosed shall not be deemed CONFIDENTIAL INFORMATION unless otherwise stipulated by the parties or ordered by the Court. If any CONFIDENTIAL INFORMATION is inadvertently disclosed by a disclosing party without being appropriately designated pursuant hereto, the disclosing party shall so notify the receiving party in writing as soon as practicable after discovery of such inadvertent disclosure and the receiving party will thereafter treat such CONFIDENTIAL INFORMATION as if properly designated according to the terms of this Order. In addition, the redesignated document or other information shall be reproduced by the redesignating party, with the redesignated legend, as soon as practicable after redesignation becomes necessary.

9. If counsel for either party believes that questions put to a witness being examined in pretrial deposition will disclose CONFIDENTIAL INFORMATION of a party not affiliated with the witness, or that the answers to any question or questions require disclosure of such information of a party not affiliated with the witness, or if documents to be used as exhibits during the examination contain such CONFIDENTIAL INFORMATION of a party not affiliated with the witness, such counsel shall so notify opposing counsel and the deposition of such witness, or confidential portions thereof, shall be taken only in the presence of persons identified in ¶ 10 herein, the reporter, and other persons who have (1) signed an undertaking to be bound by the provisions of the Protective Order in the form of Exhibit A, and (2) have been authorized to receive CONFIDENTIAL

INFORMATION by either express Court Order pursuant to ¶ 16 hereof or stipulation by all of the parties. Once a party has used CONFIDENTIAL INFORMATION at the deposition of any witness, regardless of whether such use is under the undertaking of Exhibits A or not, the other party may use said confidential documents or information in its examination of the same witness deponent without any further action.

10. Until and unless this Court rules that any such identified information, document or thing is not CONFIDENTIAL INFORMATION, or should be disclosed beyond the limits permitted by this Order, any access, copying or dissemination of information, documents and things identified as "CONFIDENTIAL — ATTORNEY'S EYES ONLY" shall be limited to the following Qualified Persons:

   a) Partners and associate attorneys for Neustel Law Offices, LTD and Hartsoe & Associates, PC for Plaintiff in this litigation, outside experts retained for purposes of this litigation, and stenographic, clerical, copy and paralegal personnel working for Plaintiff or at the direction of Plaintiff's counsel whose functions require access to such CONFIDENTIAL INFORMATION; and

   b) Partners and associate attorneys for Moore & Van Allen PLLC for Defendant in this litigation, outside experts retained for purposes of this litigation, and stenographic, clerical, copy and paralegal personnel working for Defendant or at the direction of Defendant's counsel whose functions require access to such CONFIDENTIAL INFORMATION.

CONFIDENTIAL INFORMATION designated as "CONFIDENTIAL" may be disclosed to persons identified in (a) and (b) above in this paragraph, and in addition, to employees or representatives of each party whose access to CONFIDENTIAL INFORMATION is deemed

necessary for prosecution of defense of this litigation. All persons receiving CONFIDENTIAL INFORMATION shall be bound by the terms and conditions of this Protective Order. Prior to receiving any CONFIDENTIAL INFORMATION, each outside expert retained for purposes of this litigation shall be furnished with a copy of this Protective Order and shall sign an Undertaking in the form attached hereto as Exhibit A, acknowledging that he or she is familiar with the provisions of this Protective Order and will abide by them, and such Undertaking shall be kept by counsel for reference should such be necessary.

11. CONFIDENTIAL INFORMATION so marked or designated as specified in ¶ 2 hereof shall not be made public by the party to whom it is disclosed, unless it properly becomes part of the public record of this action through actions not in violation of this Protective Order. CONFIDENTIAL INFORMATION may be included in whole or in part in pleadings, motions, briefs, or other submissions to the Court, provided that any pages including such CONFIDENTIAL INFORMATION be marked as specified in ¶ 2. Such pleadings, motions, briefs, or submissions containing CONFIDENTIAL INFORMATION shall be filed with the Clerk of the Court in sealed envelopes prominently marked with the caption of this case and a notation substantially in the following form:

-------------------------------------------------------------------------------------------

**CONTAINS CONFIDENTIAL INFORMATION**

**SUBJECT TO PROTECTIVE ORDER**

**To Be Opened Only As**

**Directed By The Court**

-------------------------------------------------------------------------------------------

The first page of such pleadings, motions, briefs or submissions shall include the same notation.

12. Acceptance by any party of information, documents, or things identified as either "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEY'S EYES ONLY" in accordance with ¶ 2 shall not constitute a concession that the information, documents, or things are CONFIDENTIAL INFORMATION. If, subsequent to the acceptance of information, documents, or things identified as either "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEY'S EYES ONLY" hereunder, a party wishes this Court to rule upon a claim of confidentiality, the party may move this Court for such a determination. In the resolution of such motion, the burden of establishing the confidentiality of the information, document, or thing shall be on the party who made the claim of confidentiality.

13. This Protective Order shall not prevent any party from applying to the Court for relief there from or from applying to the Court for further or additional protective orders, or from agreeing between all of the parties to modification of this Protective Order, subject to the approval of the Court. The Court shall retain jurisdiction, even after termination of this suit, to resolve such issues and the parties, and all who receive CONFIDENTIAL INFORMATION hereunder, expressly agree to the exclusive personal jurisdiction and venue of the United States District Court for the Western District of North Carolina for resolution of all issues pursuant to this Protective Order.

14. CONFIDENTIAL INFORMATION identified in accordance with ¶ 2 hereof may be used to prepare for discovery and/or trial and/or any motions in this action, during testimony in this action (both during trial and deposition), during any motion hearings, and during discovery, may be offered in evidence at the trial of this action or in support of or in opposition to any motions in this action, subject to the rules of evidence and subject to any further Order as this Court may enter, or may be used for other legitimate purpose of this litigation, but may not be used for any other purpose whatsoever including, but not limited to, use by the recipient for commercial advantage of any kind. When used in open court such CONFIDENTIAL INFORMATION shall be received in

camera, as directed by the Court.

15. This Order shall not preclude either party from enforcing its rights against the other party or any third party believed to be violating the rights of any party.

16. In the event that a party receiving CONFIDENTIAL INFORMATION shall desire to provide access to such information, documents or things identified as either "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEY'S EYES ONLY" by another party, to any person or category of persons not included in ¶ 10 hereof, the receiving party shall move this Court for an Order that such person or category of persons may be given access to the other party's CONFIDENTIAL INFORMATION. In the event that the motion is granted, such person or category of persons may have access to the CONFIDENTIAL INFORMATION provided that such person or persons have agreed in writing, before such access is given, to be bound by the terms of this Protective Order in the form annexed hereto as Exhibit A.

17. After final termination of this case, receiving outside counsel may retain documents, things, copies and samples to the extent they include or reflect receiving attorneys work product. With respect to any retained CONFIDENTIAL INFORMATION, this Protective Order shall survive the final termination of this action to the extent that the information in such CONFIDENTIAL INFORMATION is not or does not become known to the public. Within thirty (30) days of the final termination of this case from which no appeal can be taken, receiving counsel shall return all copies and samples of CONFIDENTIAL INFORMATION in his possession, custody or control to counsel for the party who has provided them in discovery, or certify destruction thereof. Respectfully, this the 3rd day of December, 2007.

s/ J. Mark Wilson
J. Mark Wilson
NC State Bar No. 25763
Moore & Van Allen PLLC
Suite 4700
100 North Tryon Street
Charlotte, NC 28202-4003
Telephone: 704-331-1177
Fax: 704-339-5981
markwilson@mvalaw.com

ATTORNEYS FOR DEFENDANT


s/ Michael S. Neustel
Michael S. Neustel, ND No. 5452
Neustel Law Offices, LTD
2534 South University Drive, Suite 4
Fargo, North Dakota 58103
Telephone: (701) 281-8822
Fax: (701) 237-0544
michael@neustel.com

ATTORNEYS FOR PLAINTIFF

**<u>ORDER</u>**

SO ORDERED.

Signed: December 10, 2007

Martin Reidinger
United States District Judge

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NEW PRODUCTS MARKETING CORP. ) <br> d/b/a STRINGLINER COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LOWE'S HOME CENTERS, INC., ) <br> ) <br> Defendant. ) <br> ) | Judge Martin Reidinger <br><br> Civil Action No. 3:06-cv-00405 <br><br> **CONFIDENTIALITY UNDERTAKING** <br> **OF** _____ |

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understand the provisions of the Protective Order in this case signed by Judge _____ and dated _____, and I will comply with and agree to be bound by all of the provisions of the Protective Order.

5. I will hold in confidence and not disclose to anyone any CONFIDENTIAL INFORMATION or any words, summaries, abstracts or indices of CONFIDENTIAL INFORMATION disclosed to me, except in accordance with the Protective Order.

6. I shall not use or refer to any of the documents, things and/or any information

designated under the Protective Order other than in connection with this litigation and as prescribed in the Protective Order.

7. Upon notification that this litigation has terminated, or at such earlier time as requested by the counsel or party by whom I am employed or retained, I will return all documents and things designated as containing CONFIDENTIAL INFORMATION, and all summaries, abstracts and indices thereof, which come into my possession, and documents or things which have been prepared relating thereto, to counsel for the party by whom I am employed or retained.

8. I do and shall subject myself to the continuing exclusive personal jurisdiction and venue of the above-entitled Court over my person, wherever I shall be found, for purposes of enforcement of the Protective Order.

9. I declare under penalty of perjury that the foregoing is true and correct.

By: _____   Dated: _____

Subscribed and sworn to before me
this _____ day of _____,200_.

_____
Notary Public
My Commission Expires: